**The document below is hereby signed.**

**Dated: September 1, 2011.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
GREEN MILLER, JR.,             )    Case No. 96-00431
                               )       (Chapter 11)
               Debtor.         )
_____)
                               )
GREEN MILLER, JR.,             )
                               )
               Plaintiff,      )
                               )
       v.                      )    Adversary Proceeding No.
                               )    08-10028
DISTRICT OF COLUMBIA, et       )
al.,                           )    Not for Publication in
                               )    West's Bankruptcy Reporter.
               Defendants.     )
```

MEMORANDUM DECISION AND ORDER
<u>DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

The plaintiff's Motion for Reconsideration was filed under Rule 60(b) of the Federal Rules of Civil Procedure almost one year after the court entered a final judgment in this adversary proceeding. The motion does not invoke a specific subpart of

Rule 60(b). Instead, the motion lays out various arguments as to why the court's prior rulings were wrong on the merits. Relief under Rule 60(b) is not warranted when the only reason advanced for seeking relief is re-argument of the merits of the case. *See Greer v. Paulson*, 505 F.3d 1306, 1317 (D.C. Cir. 2007) (Rule 60(b) does not afford a party "an opportunity to retry [its] case.").

The plaintiff points to what he believes were errors in the court's ruling, but an appeal (or a timely motion under, and meeting the standards of, Federal Rule of Civil Procedure 59) was the appropriate vehicle for setting aside the court's rulings if they were in error. A Rule 60(b) motion is not a substitute for a timely Rule 59 motion or an appeal. *See Gilmore v. Hinman*, 191 F.2d 652, 653 (D.C. Cir. 1951). *See also Salazar v. District of Columbia*, 633 F.3d 1110, 1120 (D.C. Cir. 2011) (Rule 60(b)(6) motion was not a substitute for an appeal); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1141 (D.C. Cir. 1988) ("Rule 60(b)(6) could not be used to relieve a party of the consequences of his voluntary choice not to pursue an appeal," citing *Ackermann v. United States*, 340 U.S. 193, 200 (1950)).[1]

---

[1] The plaintiff does not allege any facts showing that he has pursued his motion with diligence. Accordingly, the motion itself fails to establish that he pursued the motion within a reasonable period of time. If the motion stated grounds for relief under Rule 60(b), the motion would nevertheless be denied absent a showing that it was pursued within a reasonable period of time.

2

For all of these reasons, it is

ORDERED that the plaintiff's Motion for Reconsideration (Dkt. No. 132) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.