# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREEN MILLER, JR., <br><br> Plaintiff/Appellant, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant/Appellee. | **Civil Action No. 12-55 (CKK)** |

## MEMORANDUM OPINION
(September 16, 2012)

For nearly six years, Appellant Green Miller, Jr., has pursued a variety of claims against the District of Columbia concerning four properties Appellant owned during the 1990s. *Miller v. District of Columbia*, No. 06-1935, Mem. Opin. at 1-3 (D.D.C. June 18, 2007) ("*Miller I*"). The Court, (per Judge John D. Bates), dismissed Appellant's claims challenging the tax sales of two of Appellant's properties for lack of subject matter jurisdiction, and remanded Appellant's claims as to the remaining two properties alleging violations of the automatic stay triggered by Appellant's bankruptcy filing. *Id.* at 5-9. In the adversarial bankruptcy proceeding, Judge S. Martin Teel, Jr., granted summary judgment in favor of the District. *Miller v. District of Columbia*, No. 08-10028, J. (Bankr. D.D.C. Aug. 11, 2010) ("*Miller II*").

Presently before the Court is the Appellant's appeal from the bankruptcy court's grant of summary judgment and subsequent denial of Appellant's post-judgment motions to reconsider.[1] Also before the Court is the District's [10] Motion to Dismiss for Lack of Jurisdiction.[2] Both

---

[1] Br. for Appellant, ECF No. [9].

[2] Appellee's Mot. to Dismiss Appeal, ECF No. [10] ; Appellant's Opp'n, ECF No. [12];

1

parties have filed motions for leave to file surreplies regarding the District's motion to dismiss,[3] and the Appellant has submitted several miscellaneous motions. For the reasons stated below, the Court finds Appellant's notice of appeal is untimely as to all but the final order issued by the bankruptcy court denying Appellant's motion for extension of time to file a notice of appeal. The Court finds the bankruptcy court did not abuse his discretion in denying Appellant's motion for extension of time. Accordingly, Appellant's miscellaneous motions are DENIED, the parties' respective motions for leave to file surreplies are GRANTED, the District of Columbia's motion to dismiss is GRANTED IN PART and DENIED IN PART. The bankruptcy court's September 21, 2011 Order is AFFIRMED, and the appeal is DISMISSED.

## I. BACKGROUND

The factual dispute between the parties has been detailed at length in prior opinions. *E.g.*, *Miller II*, ECF Nos. [1], [96], [124]. On December 3, 2009, Judge Teel granted summary judgment in favor of the District as to Appellant's claim for compensatory damages, and dismissed Appellant's claim for punitive damages. *Miller II*, 12/3/09 Mem. Decision, ECF No. [96]. Upon consideration of the District's renewed motion for summary judgment, the bankruptcy court dismissed the Appellant's remaining claims, and entered judgment in favor of the District. *Miller II*, 8/11/10 Mem. Decision & J., ECF Nos. [124, 125].

Although previously represented by counsel during the adversarial proceeding, on September 9, 2010, the Appellant filed a *pro se* motion to reconsider. The Appellant did not

---

Appellant's Suppl. Opp'n, ECF No. [15]; Appellee's Reply, ECF No. [16]; Appellee's Surreply, ECF No. [26]; Appellant's Surreply, ECF No. [27].

   3 Appellee's [26] Request for Leave to File Surreply to Appellant's Reply to Appellee's Documents, Docket Entry Nos. 10, 16, 20, & 21; Appellant's [27] Motion for Leave to File an Opp'n to Def./Appellee's "Request for Leave to File Surreply."

state any basis for reconsideration, but requested "to and including October 4, 2010 within which to supplement his motion." *Miller II*, 9/9/10 Mot. to Reconsider, ECF No. [128], at 1. Judge Teel denied the motion, but permitted the Appellant to file a motion under Federal Rule of Civil Procedure 60, advising Appellant that the motion "must be made within a reasonable time and, in certain instances, no more than a year after the entry of the judgment." *Miller II*, 9/14/10 Order, ECF No. [129], at 2-3. On August 10, 2011, exactly one day shy of one year from the entry of final judgment, Appellant filed a renewed motion for reconsideration. *Miller II*, 8/10/11 Mot. for Reconsideration, ECF No. [132]. As characterized by the court below, Appellant's motion simply re-argued the merits of the court's prior decisions, and offered no basis under Rule 60(b) for the court to provide relief from the judgment. *Miller II*, 9/1/11 Mem. Decision, ECF No. [135], at 2. Judge Teel denied the Appellant's motion, finding the issues should have been raised in a timely Rule 59 motion to amend the judgment, or on appeal. *Id.* Fourteen days later, Appellant filed a "motion for extension of time," seeking until October 14, 2011 to "retain another attorney or file [sic] responsive pleadings," *Miller II*, 9/15/11 Mot. for Ext. of Time, ECF No. [139], which the court denied on September 21, 2011, *Miller II*, 9/21/11 Order, ECF No. [140], at 2. The Appellant filed a notice of appeal on October 3, 2011, seeking review of the bankruptcy court's December 3, 2009, August 12, 2010, September 14, 2010, September 1, 2011, and September 21, 2011 orders. *Miller II*, 10/3/11 Notice of Appeal, ECF No. [142].

## II. DISCUSSION

Section 158(a) of Title 28 of the United States Code confers on federal district courts jurisdiction to hear appeals from final judgments, orders, and decrees "entered in cases and proceedings referred to the bankruptcy judges under section 157." Section 158(c)(2) indicates that appeals under section 158(a) "shall be taken in the same manner as appeals in civil

proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Incorporating this directive, Federal Rule of Bankruptcy Procedure 8001(a) states that appeals from a bankruptcy court's judgment are to be carried out by filing a notice of appeal with the clerk "within the time allowed by Rule 8002." Bankruptcy Rule 8002(a), in turn, provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from." Appellants may toll the fourteen-day deadline set forth in Bankruptcy Rule 8002(a) by timely filing one of four motions: (1) a motion to amend pursuant to Bankruptcy Rule 7052; (2) alter or amend the judgment under Bankruptcy Rule 9023; (3) for a new trial under Bankruptcy Rule 9023; or (4) a motion for relief under Bankruptcy Rule 9024—that is, Federal Rule of Civil Procedure 60(b)—if filed no later than 14 days after the entry of judgment. Fed. R. Bank. P. 8002(b). Finally, a judge may extend the deadline to file a notice of appeal from certain judgments so long as the request for an extension is filed (1) "before the time for filing a notice of appeal has expired," or (2) "not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bank. P. 8002(c)(2). Within this framework, the Court examines the Appellant's notice of appeal as applied to the five orders identified by the Appellant.

      A.    *Appeal from Final Judgment*

The bankruptcy court entered final judgment in favor of the District on August 11, 2010. Pursuant to Rule 8002(a), the Appellant had up to and including August 25, 2010 to file a notice of appeal. Appellant did not file a notice of appeal, but rather filed a "motion to reconsider" on September 9, 2010, twenty-nine days after the entry of final judgment. Regardless of how the bankruptcy court could have construed Appellant's motion, the motion did not toll the deadline

for filing a notice of appeal under Bankruptcy Rule 8002(b). *See* Fed. R. Bank. P. 7052 (indicating a motion to amend findings must be filed within fourteen days of entry of the judgment); Fed. R. Bank. P. 9023 (providing a motion for a new trial or to amend the judgment must be filed within fourteen days of the entry of judgment); Fed. R. Bank. P. 8002(b)(4) (noting a motion for relief under Rule 9024 must be filed within fourteen days of the entry of judgment to toll the deadline to file a notice of appeal); *accord Personal Elec. Transports, Inc. v. Office of U.S. Trustee*, 313 F. App'x 51, 52 (9th Cir. 2009). Nor did the Appellant seek an extension of time in which to file a notice of appeal. Accordingly, the Appellant's notice of appeal was untimely as to the final judgment.[4]

  B.  *Appeal from September 14, 2010 Denial of Motion to Reconsider*

The Appellant's notice of appeal was filed more than one year after the September 14, 2010 Order denying Appellant's initial motion to reconsider and is therefore untimely.

  C.  *Appeal from September 1, 2011 Denial of Motion to Reconsider*

The bankruptcy court denied Appellant's second motion to reconsider on September 1, 2011, meaning Appellant needed to file his notice of appeal on or before September 15, 2011. In lieu of a notice of appeal, the Appellant filed a motion for extension of time on September 15, 2011, which the court denied on September 21, 2011. Since the bankruptcy court declined to allow Appellant additional time to file a notice of appeal of the court's September 1, 2011 order, the Appellant's October 3, 2011 notice of appeal was untimely as to the denial of Appellant's second motion to reconsider.

---

[4] The Court need not reach the District's contention that Rule 8002 is jurisdictional in nature. Even if considered a claim-processing rule, the requirements of Rule 8002 are unalterable in light of the District's timely objection. *Cf. Youkelsone v. Fed. Deposit Ins. Co.*, 660 F.3d 473, 476 (D.C. Cir. 2011).

5

D.   *Appeal from September 21, 2011 Denial of Motion for Extension of Time*

Appellant filed his notice of appeal twelve days after the court denied his motion for extension of time to file a notice of appeal, therefore this Court has jurisdiction to review Judge Teel's September 21, 2011 Order. The D.C. Circuit has not directly addressed the standard of review concerning a bankruptcy court's denial of a motion for extension of time to file a notice of appeal. Several other Circuits employ the "abuse of discretion" standard, which is utilized by this Court in reviewing other discretionary actions taken by the bankruptcy court. *In re Douglas*, No. 10-492, 2012 WL 2367141, at *2 (D.D.C. June 22, 2012) (citing cases). Accordingly, the Court shall review the bankruptcy court's order for abuse of discretion. The party seeking reversal must show the bankruptcy court "based its ruling on an erroneous view of the law or a clearly erroneous assessment of the facts." *Johnson v. McDow* (*In re Johnson*), 236 B.R. 510, 518 (D.D.C. 1999) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990)).

Appellant filed his motion for extension of time before the fourteen-day deadline for filing a notice of appeal lapsed. Denial of such timely motions may be considered unusual, but "committed to the sound discretion of the bankruptcy court." *In re Reeves*, 463 B.R. 143, 2011 WL 5909202, at *7 (B.A.P. 10th Cir. Nov. 28, 2011) (Table). The Appellant argues that "[t]he fact that Appellant's attorney had remove [sic] from the case, the Court should have granted Appellant additional time to retain another attorney or obtain legal advice to file responsive pleadings." Appellant's Br. at 18. In denying Appellant's motion, the bankruptcy court explained that

> Now, more than one year after the court entered judgment against the plaintiff, one month after the plaintiff filed a motion to strike his attorney, and two weeks after the court denied the plaintiff's motion for reconsideration, the plaintiff has filed a motion for an extension of time to retain new counsel or file responsive pleadings. Given that the plaintiff has known he was unrepresented as of no later

than August 10, 2011, the court believes it is inappropriate to alter any deadlines to accommodate Mr. Green's desire to obtain counsel.

*Miller II*, 9/21/11 Order, ECF No. [140], at 1-2.  In fact, Appellant's Brief indicates that he knew in advance of his August 10, 2011 motion to reconsider that his attorney was no longer performing work on the case, which led Appellant to prepare the second motion to reconsider *pro se*.  Appellant's Br. at 14.  Ultimately, "[t]he bankruptcy court is in the best position to determine whether a losing party should be afforded more time in which to file an appeal.  *In re Reeves*, 2011 WL 5909202, at *7.  In light of the factual and procedural history of this case, the Court cannot conclude that the bankruptcy court's assessment of the facts was clearly erroneous, and therefore finds the court did not abuse its discretion in denying Appellant's motion for an extension of time.

### III. MISCELLANEOUS MOTIONS

The Court briefly addresses the numerous miscellaneous motions filed by the Appellant, specifically:

- Appellant's Mot. to Recons. this Ct.'s Mar. 19, 2012 Order a& [sic] Impose Sanctions Against Appellee's Atty Nancy L. Alper, ECF No. [18]; Appellee's Opp'n, ECF No. [21]; Appellant's Reply, ECF No. [24].

- Appellant's Mot. for the Ct. to Appoint a Special Atty to Investigate Appellee's Violations of the Law, Fraud & Abuse of the Ct.'s Processes, ECF No. [19]; Appellee's Opp'n, ECF No. [21]; Appellant's Reply, ECF No. [24].

First, in his motion to reconsider, Appellant takes issue with the District's opposition to Appellant's [6] Motion for Extension of Time to File His Brief, alleging the District made "unfounded, fraudulent [sic] misrepresentations," and "induced this court to impose special conditions upon Appellant based upon fraud."  Appellant's motion is DENIED.  The Court granted Appellant's underlying motion for an extension of time, while advising the Appellant that it was his obligation to ensure the Court received his filings in a timely manner, an

obligation shared by all litigants. Third, Appellant's motion regarding the appointment of a special attorney is DENIED. This motion simply re-states Appellant's allegations that the District's conduct regarding the Appellant's property was unlawful. The Appellant did not timely appeal the bankruptcy court's decision regarding the merits of the Appellant's claims, therefore the allegations in Appellant's motion are not properly before this Court.

## IV. CONCLUSION

For the reasons stated above, the Court finds Appellant's notice of appeal was untimely as to all orders except for the bankruptcy court's September 21, 2011 denial of Appellant's motion for an extension of time. With regards to that order, the Court finds the bankruptcy court did not abuse its discretion in denying Appellant additional time to seek new counsel. Accordingly, the parties' respective motions for leave to file surreplies are GRANTED, the District of Columbia's [10] Motion to Dismiss for Lack of Jurisdiction is GRANTED IN PART and DENIED IN PART. Appellant's appeal of the bankruptcy Court's December 3, 2009, August 12, 2010, September 14, 2010, and September 1, 2011 Orders is DISMISSED as untimely. The bankruptcy court's September 21, 2011 Order denying Appellant's motion for extension of time is AFFIRMED.

An appropriate Order accompanies this Memorandum Opinion.

                             */s/*
                             **COLLEEN KOLLAR-KOTELLY**
                             UNITED STATES DISTRICT JUDGE